UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

REZA YAGHOUBI YEGANEH,

    Petitioner,

v.

WARDEN, BLUEBONNET DETENTION FACILITY, et al.,

    Respondents.

No. 1:25-CV-121-H

### ORDER

Before the Court is the petitioner's petition for a writ of habeas corpus. Dkt. No. 1. On September 15, 2025, the respondents informed the Court that Iran denied their request for travel documents to authorize the petitioner's removal to that country. Dkt. No. 14. Yet the respondents maintained that there was a significant likelihood that the petitioner would be removed in the reasonably foreseeable future because of the "possibility of a third-country removal." *Id.* at 1; *see Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001).

Two days later, the Court ordered the respondents to file a response detailing their efforts to remove the petitioner to a third country. Dkt. No. 15. The response—filed on September 30—noted that "ICE sent Petitioner's case to the State Department" once Iran denied the request for travel documents and that the process to identify a country willing to accept the petitioner "remains ongoing." Dkt. No. 16 at 3.

Forty-three days have elapsed since the respondents filed their response. Because the Court "must take appropriate account of the greater immigration-related expertise of the Executive Branch," and because the respondents' efforts to remove the petitioner to a third country were in their infancy in late September, the Court found it necessary to give the

respondents limited time to pursue the third-country removal process. *Zadvydas*, 533 U.S. at 700; *see Surovtsev v. Noem, et al.*, No. 1:25-CV-160, Dkt. No. 23 at 13 (N.D. Tex. Oct. 31, 2025) (Hendrix, J.) (explaining that the Court "is obligated to 'giv[e] due weight to the likelihood of successful future negotiations'" concerning third-country removal (alteration in original) (quoting *Zadvydas*, 533 U.S. at 702)).

But given the current record and the lack of an update from the respondents, the Court will give the respondents a final opportunity to detail their third-country removal efforts. By no later than November 26, 2025, the respondents shall file a response detailing all efforts to effectuate the petitioner's removal to a third country and explain the likelihood that he will be removed in the reasonably foreseeable future. The response shall also include any other information that may bear on whether there is a significant likelihood of removal in the reasonably foreseeable future. The petitioner may file a reply to the response by no later than December 10, 2025.

So ordered on November 12, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE